# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| LUIS G., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security,[1] <br><br> Defendant. | No. ED CV 19-00317-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Luis G. ("Plaintiff") appeals from the Social Security Commissioner's final decision denying his applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[2] For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed with prejudice.

---

[1] Under Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Andrew Saul is hereby substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this action.

[2] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I. BACKGROUND

Plaintiff applied for DIB and SSI on July 28, 2015, alleging disability beginning August 7, 2013. See Dkt. 17, Administrative Record ("AR") 245-52. After being denied initially and on reconsideration, Plaintiff received a hearing before an Administrative Law Judge ("ALJ") on April 12, 2018. See AR 20-48.

On May 14, 2018, the ALJ issued a favorable decision finding that Plaintiff was disabled under the Social Security Act. See AR 145-58. The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. See AR 152. At step two, the ALJ determined that Plaintiff had the following severe impairments: history of torn right medial meniscus, Baker's cyst, right knee surgery, degenerative disc disease of the lumbar spine with disc bulges, obesity, and asthma. See id. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See AR 153.

Before reaching step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.976(b) with certain additional limitations, including the "need to use an assistive device to walk, stand or balance." Id. At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. See AR 156. At step five, the ALJ determined that an individual of Plaintiff's age, education, work experience, and RFC could not perform any other work in the national economy existing in significant numbers. See AR 157. Accordingly, the ALJ granted benefits. See AR 158.

On July 9, 2018, the Appeals Council indicated that it was reviewing the ALJ's decision because it was not supported by substantial evidence and contained an error of law. See AR 237-42. On November 13, 2018, the Appeals Council issued an unfavorable decision finding Plaintiff not disabled. See AR 8-19. It explained:

> [S]ubstantial evidence does not support the critical disabling limitation – the need for an assistive device to walk, stand or balance. This limitation was the reason why the vocational expert at the hearing stated that there would be no other light jobs in the national economy the claimant could perform. However, throughout the period at issue, there is not substantial evidence in the record to support the finding that the claimant needed an assistive device to walk, stand or balance. In determining the claimant's [RFC], the [ALJ] has to determine the most, not the least, the claimant can still do despite his impairments. . . . While we find instances of your use of a cane documented in the record, we do not find substantial evidence that the cane is medically necessary.

AR 12. After adopting the ALJ's RFC, but without the need for the use of an assistive device, the Appeals Council determined that Plaintiff could work as a small products assembler (DOT 706.684-022), assembler of electrical accessories (DOT 729.687-070), and inspector/hand packager (DOT 559.687-074). Accordingly, the Appeals Council denied benefits, which became the final decision of the Commissioner. See AR 14-17. This action followed. See Dkt. 1.

## II. LEGAL STANDARD

A district court will set aside a denial of Social Security benefits only when the relevant decision is "based on legal error or not supported by

substantial evidence in the record." <u>Benton ex rel. Benton v. Barnhart</u>, 331 F.3d 1030, 1035 (9th Cir. 2003). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Desrosiers v. Sec'y of Health & Human Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988) (citations omitted).

## III. DISCUSSION

The parties dispute whether the Commissioner properly evaluated the medical opinion of the consultative examiner, Dr. Jared Niska. <u>See</u> Dkt. 23, Joint Stipulation ("JS") at 5.

### A. **Legal Standard**

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." <u>Valentine v. Comm'r of SSA</u>, 574 F.3d 685, 692 (9th Cir. 2009). Generally, more weight is given to the opinion of a treating source than the opinion of a doctor who did not treat the claimant. <u>See</u> <u>Garrison v. Colvin</u>, 759 F.3d 995, 1012 (9th Cir. 2014). Similarly, more weight is given to the opinion of an examining source than to a nonexamining source. <u>See</u> <u>Lester v. Chater</u>, 81 F.3d 821 830-31 (9th Cir. 1995).

"To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." <u>Ryan v. Comm'r of Soc. Sec.</u>, 528 F.3d 1194, 1198 (9th Cir. 2008) (alteration in original) (citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." <u>Id.</u> (citation omitted). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting

clinical evidence, stating his interpretation thereof, and making findings." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

**B.    Medical Opinion**

Dr. Niska examined Plaintiff on one occasion in January 2015. See AR 575-82. Based on the subjective complaints and diagnostic imaging, Dr. Niska opined that Plaintiff could lift/carry and push/pull 50 pounds occasionally and 25 pounds frequently; stand/walk for 4 hours and sit for 8 hours out of an 8-hour workday; occasionally bend, crouch, kneel, crawl, stoop, climb, balance, walk on uneven terrain, and work at heights; and had no overhead or manipulative restrictions bilaterally. See AR 580.

The ALJ gave Dr. Niska's opinion "less weight" because it was inconsistent with his recorded observations that Plaintiff walked with decreased velocity and moderate antalgic gait, had moderate difficulty squatting, had pain on range of motion in the lumbar spine, and had mild crepitus on range of motion testing in the right knee. See AR 156 (citing AR 577-78, 580). "Given Dr. Niska['s] remarkable objective findings, limiting the claimant to medium exertional work does not adequately account for the severity of his impairments." Id.

On review, the Appeals Council adopted the ALJ's finding that gave little weight to Dr. Niska's opinion, finding that "the bulk of the medical evidence is not consistent with Dr. Niska's opinion that the claimant could only stand or walk for 4 hours in an 8-hour day." AR 14.

**C.    Analysis**

Plaintiff argues that the Appeals Council erred in rejecting Dr. Niska's opinion. See JS at 8-9. Because Dr. Niska's opinion was contradicted by examining and nonexamining doctors, the Appeals Council was required to provide specific, legitimate reasons based on substantial evidence in the record. See Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017).

The Court concludes that the Appeals Council met this standard. It properly found that the physical examinations and diagnostic testing over the disability period did not support Dr. Niska's limitation to four hours of standing and walking in an eight-hour workday. See AR 14. Although Plaintiff showed tenderness and reduced range of motion, his tests were consistently normal, straight leg raise was intact, and he had no gross neurological deficits. See AR 12-14 (summarizing the medical evidence). And despite his workplace injury, Plaintiff was able to ambulate with a normal gait. See AR 429 ("The patient ambulates on heels and toes without assistance."), 626 (Plaintiff "ambulates with a normal gait"), 777 (Plaintiff "ambulatory with no gait disturbance"), 787 ("Gait is steady."). The Appeals Council specifically pointed to the two most recent physical examinations, both of which were unremarkable and showed a full range of motion in all extremities with no gait disturbance. See AR 14 (citing AR 772-92).

The Appeals Council also found that Dr. Niska's opinion was inconsistent with his own treatment notes. See AR 14. Indeed, Dr. Niska observed remarkable objective findings yet nevertheless posited that Plaintiff could somehow perform nearly a full range of medium work. See AR 580. It is well settled that the Appeals Council need not accept medical opinions that are brief, conclusory, and inadequately supported by clinical findings. See Batson v. Commissioner of SSA, 359 F.3d 1190, 1195 (9th Cir. 2004).

Plaintiff responds that the medical record is not as benign as the Appeals Council reasons. Although some of the diagnostic imaging does support Plaintiff, the Appeals Council's interpretation of the medical evidence was rational and thus must be upheld. See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation.").

Plaintiff also argues that his use of a cane is evidenced by the record. See JS at 11-13. It is unclear what this has to do with Dr. Niska's opinion, considering that neither Dr. Niska's examination notes nor his functional assessment mention Plaintiff's use or need for an assistive device. See AR 575-82.

In any event, the use of an assistive device is probative of a claimant's functional limitations only where it is medically required. See Social Security Ruling 96-8P, 1996 WL 374184, at *7 (July 2, 1996). "To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." Id.

The Appeals Council's finding that there was no objective medical evidence establishing that a cane was medically necessary is supported by substantial evidence. See AR 12-15. In fact, the record overwhelmingly shows the opposite. See AR 88 (nonexamining physician opining as to Plaintiff's standing/walking limitations with no mention of an assistive device), 106 (same), 123 (same), 138 (same), 429 ("The patient ambulates on heels and toes without assistance."), 626 (Plaintiff "ambulates with a normal gait. No assistive devices were used for ambulation."), 629 (examining physician opining that assistive ambulatory devices were "Not medically necessary for ambulation"), 777 (Plaintiff "ambulatory with no gait disturbance"). The fact that a cane was sometimes documented in the record was not enough to establish its medical necessity. See Cashin v. Astrue, No. 09-161, 2010 WL 749884, at *11 (C.D. Cal. Feb. 24, 2010) (finding physician's observation of claimant's use of cane during examination was not "an objective finding that plaintiff's cane was medically required"); Quintero v. Colvin, No. 13-478, 2014

WL 4968269, at *10 ("Mentioning the use of a cane [in physicians' treatment notes] neither established Plaintiff needed the cane to balance or walk, nor described the circumstances for which the cane would be needed.").

## IV. CONCLUSION

The decision of the Social Security Commissioner is affirmed and this case is dismissed with prejudice.

IT IS SO ORDERED.

Date: March 24, 2020

DOUGLAS F. McCORMICK
United States Magistrate Judge